**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CARMELITE LOFTON,** § | | |
|     **Plaintiff** § | | |
| § | | |
| **v.** § | **CIVIL ACTION NO.** _____ | |
| § | | |
| **BSN SPORTS, LLC** § | | |
|     **Defendant** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW**, Plaintiff, Carmelite Lofton (hereinafter "Plaintiff"), and complains of Defendant, BSN Sports, LLC (hereinafter "Defendant"), and would respectfully show unto the Court as follows:

**I.**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §§1331 and 1343. In addition, Plaintiff invokes this Court's jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000-e, et seq. (hereinafter "Title VII"), the Americans with Disabilities Act, 42 U.S.C. §§12101 *et seq*. ("ADA") as amended by the ADA Amendments Act ("ADAAA") Public Law 110-325, and the Lily Ledbetter Fair Pay Act of 2009, Pub.L. No. 111-2, amending 42 U.S.C. Section 2000e-5(e).

2. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## II.

## **PARTIES**

3. Plaintiff, Carmelite Lofton, is a black/African American, Christian citizen of the United States and a resident of Dallas County, Texas. At all times relevant hereto, Plaintiff was an employee of Defendant, BSN Sports, LLC. Plaintiff has been subjected to unlawful employment practices committed in Dallas County, Texas by employees and agents of the Defendant.

4. Defendant, BSN Sports, LLC, is a Texas limited liability company licensed and registered to do business in the State of Texas and doing business in Dallas County, Texas. Defendant may be noticed of this lawsuit by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. On June 15, 2017, Plaintiff filed a charge of employment discrimination against Defendant with the Dallas District Office of the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last discriminatory act. Any allegations in this action which pertain to events that occurred after 300 days of the last discriminatory act pertain to allegations of continuing violation.

6. Plaintiff was mailed a "Notice of Right to Sue" concerning the charge by letter dated July 21, 2017, entitling her to institute a civil action within 90 days of the date of receipt of said notice. This action is timely filed.

## IV.

## FACTS AND CAUSES OF ACTION

7. This action is authorized and instituted pursuant to Title VII, the ADA/ADAAA and the Lily Ledbetter Fair Pay Act of 2009. This is a legal proceeding for legal and/or equitable relief available to secure the rights of the Plaintiff under these statutes.

8. Beginning on or about November 11, 2015, and continuing through March 3, 2017, Plaintiff was repeatedly subjected to discrimination based on race, black/African American, and religion, Christian, and subjected to a hostile work environment in violation of Title VII, and discriminated against based on her disability in violation of the ADA/ADAAA, and suffered unequal pay based on her race, black/African American and/or religion, Christian, in violation of the Lily Ledbetter Fair Pay Act of 2009.

9. Plaintiff was hired by Defendant as a temporary employee on November 11, 2015, and hired as a permanent employee by Defendant on April 6, 2016. Plaintiff's job title throughout her tenure with Defendant was Human Resources Specialist. On March 3, 2017, Plaintiff, African American and Christian, was unlawfully terminated from her employment with Defendant. At the time of her termination, Plaintiff suffered from disclosed osteoarthritis in both her knees, but was ordered to perform menial tasks such as bringing lunch for coworkers, cleaning out the file room and other strenuous physical activities straining her knees when she had doctor restrictions of no prolonged walking or standing. In addition, Plaintiff was paid less than her peers.

10. Plaintiff's disclosed knee impairments were conditions qualifying, regarded or documented as disabilities under the ADA/ADAAA. Under the ADA, an employer must attempt to reasonably accommodate a known disability. 42 U.S.C. § 12112(b)(5)(A). Reasonable accommodation may include time off from work for recovery or treatment, job restructuring, part-time or modified work schedules, and/or reassignment to a vacant position or other similar accommodations for individuals with disabilities. 42 U.S.C. § 12111(9). Instead of accommodating her disability, Defendant fired Plaintiff for pretextual reasons without prior discipline in violation of company policy and practice.

11. As a result of the Defendant's unlawful discriminatory acts Plaintiff was terminated with loss of a valued career position and needed health benefits, and she has suffered physically and emotionally as well. As the result of Defendant's discriminatory actions, Plaintiff was subjected to a hostile work environment consisting of harassment, bullying, discrimination, domination and intimidation by her superiors, Mechell Gotelli, VP of Human Resources, and Lisa Frazier, Payroll Manager.

*Discrimination based on Religion*

12. Plaintiff was told she was "going to hell" for bringing a large container of tootsie rolls by Ms. Gotelli.

13. On October 31, 2016, Plaintiff told Ms. Frazier that she did not participate in Halloween due to her Christian religion. Ms. Frazier told Plaintiff she "didn't have a choice because everyone was required to participate in Halloween Festivities."

14. Plaintiff was purposefully asked to accompany Ms. Gotelli to "Condom Sense" even though she knew Plaintiff was a pastor.

15. On January 30, 2017, a temporary employee was told Plaintiff's children were conceived by immaculate conception after being told Plaintiff was a virgin after an employee named Toni stated some cookies Plaintiff gave her were better than sex.

16. On February 15, 2017, Ms. Frazier came to the office Plaintiff shared with employees Debora, Christina and Pam. The door was closed because employee Laura was explaining the difference between being Hispanic and Mexican. Ms. Frazier came and beat on the door which was closed and asked "is this yet another prayer meeting going on?"

17. On February 28, 2017, Ms. Gotelli stated "I am the only one with the keys to the kingdom," which Plaintiff took as a negative reference to the Bible.

18. Plaintiff was repeatedly asked by Ms. Gotelli in front of the other employees if she drank alcohol, to which Plaintiff stated no. Ms. Gotelli would then comment in front of the other employees "well you can just have Kool-Aid."

19. Throughout 2016, Ms. Frazier would interrupt Laura Rivera's and Plaintiff's private prayer meetings while on their lunch break. Ms. Frazier would state "I'm looking for something" or "I need to get something," but she would always walk out of the room empty-handed, and on one occasion she brought employee Pam Sartain with her to watch their prayer meeting.

20. Throughout Plaintiff's employment with Defendant, Ms. Frazier and Della Bird, an accountant for Defendant, would continuously make derogatory religious remarks against Christianity.

21. Plaintiff was prohibited from parking near Defendant's HR building after she put 2 ministry signs on her car which stated the name of her ministry. Ms. Gotelli told Plaintiff that she could no longer park near the building, but yet the other employees continued to park there daily.

### *Discrimination based on Race, Black/African American*

22. Plaintiff was repeatedly discriminated against based on her race while employed by Defendant. Plaintiff was subjected to disparate treatment based on her race. Non-black/African American employees were paid more than Plaintiff doing the same or similar job and/or a job description with less job duties and responsibilities. These same employees who earned more money than Plaintiff had to seek assistance from Plaintiff to complete their own jobs.

23. Non-black/African American employees were not forced to use their PTO time when off

work for injuries/illnesses, but Plaintiff was forced to use her PTO after her surgery for osteoarthritis.

24. Ms. Gotelli has previously been accused on discrimination against black/African American employees. For instance, during open enrollment 2015, she sent out a company-wide email that contained a stick figure being hung on a noose. She was sent to sensitivity training and made to apologize after the African-American employees complained to Defendant's upper management.

*Discrimination based on Disability*

25. On October 31, 2017, Plaintiff told Ms. Gotelli that she could not stand for a long time due to her knee hurting too badly, after Plaintiff was forced to attend Defendant's Halloween festivities in spite of Plaintiff's objections based on her religion. Ms. Gotelli told Plaintiff that the event would not last longer than 15 minutes. The event lasted over an hour and Plaintiff was made to stand the entire time while in excruciating pain.

26. In November 2016, Plaintiff had to clean and pack Defendant's office when the building was destroyed by a flood. This included a computer, 2 monitors, scanner, printer, and several boxes. Plaintiff also had to stand for long periods of time emptying containers for the move out of the building.

27. On or about December 12, 2016, Plaintiff had to give Ms. Gotelli a doctor's note regarding her disability due to osteoarthritis in her knees because Ms. Gotelli attempted to force Plaintiff to deliver cookies to all employees.

28. Defendant's proffered business reason for Plaintiff's termination was mere pretext for discrimination.

29. On information and belief, Defendant followed a policy and practice of discrimination against Plaintiff because of her race, black/African American, religion, Christian, and disability, osteoarthritis, in violation of Title VII and the ADA/ADAAA, and also discriminated against Plaintiff in terms of equal pay based on her race and/or religion in violation of the Lily Ledbetter Fair Pay Act of 2009. The discriminatory practices and policies include, but are not limited to, discriminating against Plaintiff in the terms, conditions, and privileges of employment based on

her race, religion and/or disability.

30. Plaintiff was subjected to a hostile work environment and adverse employment actions by Defendant based on Plaintiff's race, religion and/or disability.

31. Plaintiff has suffered compensatory damages as the direct result of the Defendant's discriminatory treatment of her. Plaintiff would further show that the Defendant's conduct was done willfully and with malice and that she is entitled to liquidated and exemplary damages.

32. The Defendant's conduct toward Plaintiff caused her severe emotional distress, pain and suffering and/or other nonpecuniary losses, for which Plaintiff seeks past and future compensatory damages.

33. The amount of damages which Plaintiff seeks herein exceeds the jurisdictional minimum of this Court.

34. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## V.

## **DAMAGES**

35. Plaintiff seeks statutory damages, back pay and front pay and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further legal and equitable relief to which Plaintiff is entitled pursuant to Title VII, the ADA/ADAAA and the Lily Ledbetter Fair Pay Act of 2009, Pub.L. No. 111-2, amending 42 U.S.C. Section 2000e-5(e).

36. Plaintiff is entitled to actual damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future, and such other and further relief to which Plaintiff is entitled because of the actions and/or

omissions complained of herein.

## VI.

## JURY DEMAND

37.     Plaintiff respectfully requests a jury trial.

## VII.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear, and, that Plaintiff be awarded judgment against Defendant for statutory damages, compensatory, punitive and general damages, back pay, front pay and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

**/s/ Marshay Howard**
Marshay Howard
Howard & Associates
STATE BAR CARD NO. 24083204
Uptown Tower
4144 N. Central Expressway, Suite 600
Dallas, Texas 75204
Telephone: (469) 458-3540
Facsimile: (972) 308-6011
mhoward@lawyersdemandingjustice.com

**ATTORNEY FOR PLAINTIFF**